UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| DAVID L. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-2090 |
| | ) |
| LARRY MILLS, TODD DAMILANO, | ) |
| SCOTT CORRIE, and CLINT GRAY, | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In April 2009, Plaintiff David Lewis filed a Complaint (#1) against Defendants Larry Mills, Todd Damilano, Scott Corrie, and Clint Gray, alleging violations of the First Amendment to the United States Constitution and also alleging malicious prosecution under Illinois law. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a constitutional claim.

In June 2009, Defendants Mills and Damilano filed a Motion To Dismiss (#12). In July 2009, Defendant Gray filed a 12(b)(6) Motion To Dismiss (#20) and Defendant Corrie filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) (#21). Plaintiff subsequently filed his Consolidated Memorandum of Law in Response to Motions To Dismiss (#22).

In October 2009, the Court considered Defendants Mills and Damilano's Motion To Dismiss. The Court recommended dismissing the malicious prosecution claim because Plaintiff could not establish a favorable termination of the underlying criminal proceedings. The Court recommended denying the motion to dismiss the First Amendment claim except to the extent the claim was based on Mills's prosecutorial actions or Damilano's grand jury testimony.

Defendant Gray's motion to dismiss adopts the arguments in Defendants Mills and Damilano's motion and also argues that the complaint fails to comply with Rules 8 and 9(b) of the Federal Rules of Civil Procedure. As to Rule 9(b), Gray states that, although the complaint

refers to "fabricated evidence," it does not do so with particularity by stating what evidence Gray allegedly fabricated. Regarding Rule 9(b), Plaintiff has not alleged fraud. The Court finds the arguments regarding Rules 8 and 9(b) unpersuasive.

After reviewing the arguments as they relate to claims alleged against Defendant Gray, the Court concludes that its reasoning in the previous Report and Recommendation also applies to Gray. Accordingly, consistent with the Court's previous Report and Recommendation, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Gray's Motion To Dismiss **(#20)** be **GRANTED** as to the malicious prosecution claim. As to the First Amendment claim, the Court notes that Defendant Gray did not testify at the grand jury proceedings. Accordingly, the Court recommends that the motion be **DENIED** as to the First Amendment claim against Gray.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 6th day of October, 2009.

>  s/ DAVID G. BERNTHAL
>  U.S. MAGISTRATE JUDGE